IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

Case No: 1:23cr24-1 AW/MAL

v.

CELIA PEREZ MAURO

_____/

## STATEMENT OF FACTS

THE UNITED STATES OF AMERICA, by and through the undersigned Assistant United States Attorney, provides this factual basis for the acceptance of the guilty plea of Defendant Celia Perez Mauro ("Defendant"). Should this case proceed to trial, the government is prepared to present evidence as follows:

During the period of time including May 3, 2023, through June 28, 2023, the Defendant, along with co-conspirators, possessed and distributed methamphetamine at locations within the Northern District of Florida. As part of this conspiracy, the Defendant conspired with co-defendant Jeru Shakur and others to arrange the receipt of pound quantities of methamphetamine, which were then resold to buyers located within the Northern District of Florida. This included sales of methamphetamine conducted on May 3, 2023, May 16, 2023, and June 13, 2023, as described further herein. Through this conspiracy, the Defendant, along with co-defendant Jeru

Filed in Open Court

12-5-23

Clerk, U.S. District Court
Northern District of Florida

Shakur and others, did knowingly distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture containing methamphetamine. (Count One).

As part of an investigation with multiple state law enforcement agencies, the Drug Enforcement Administration ("DEA") conducted controlled purchases of methamphetamine from the Defendant. On May 3, 2023, the DEA met with an undercover officer who was in contact with the Defendant for purposes of attempting a controlled purchase of methamphetamine. The undercover met with the Defendant in Mayo, Florida, and during the course of a recorded interaction the Defendant sold approximately one pound of suspected methamphetamine to the undercover in exchange for $3,000 in pre-recorded U.S. currency. The suspected methamphetamine was later submitted to the DEA laboratory for chemical analysis and found to consist of approximately 456.1 net grams of 95% pure methamphetamine. (Count Two).

Later, on May 16, 2023, the DEA again met with an undercover officer who was in contact with the Defendant for purposes of attempting a controlled purchase of methamphetamine. The undercover met with the Defendant in Mayo, Florida, and during the course of a recorded interaction the Defendant sold approximately two pounds of suspected methamphetamine to the undercover in exchange for $5,400 in pre-recorded U.S. currency. The suspected methamphetamine was later submitted to

2

the DEA laboratory for chemical analysis and found to consist of approximately 896.1 net grams of 96% pure methamphetamine. (Count Three).

On June 13, 2023, the DEA again met with an undercover officer who was in contact with the Defendant for purposes of attempting a controlled purchase of methamphetamine. The undercover met with the Defendant in the parking lot of the Oaks Mall, located in Gainesville, Florida. During the course of that recorded interaction, the Defendant sold approximately one pound of suspected methamphetamine to the undercover in exchange for $3,000 in pre-recorded U.S. currency. During this interaction, the Defendant provided the undercover with contact information for co-defendant Shakur, who was described as the Defendant's source of supply for methamphetamine, in the hope that the undercover and Defendant would be able to negotiate a lower price for methamphetamine if large quantity purchases were made in the future. The suspected methamphetamine was later submitted to the DEA laboratory for chemical analysis and found to consist of approximately 447.9 net grams of 98% pure methamphetamine. (Count Four).

## ELEMENTS OF THE OFFENSE-COUNT ONE

(1) Two or more people in some way agreed to try to accomplish a shared and unlawful plan to distribute or possess with intent to distribute methamphetamine;

(2) The Defendant knew the unlawful purpose of the plan and willfully joined in it;

(3) The object of the unlawful plan was to distribute or possess with intent to distribute 50 grams or more of methamphetamine or 500 grams or more of a mixture containing methamphetamine.

## ELEMENTS OF THE OFFENSE – COUNT TWO

(1) The defendant knowingly distributed methamphetamine;

(2) The defendant intended to distribute the methamphetamine;

(3) The weight of the methamphetamine that defendant distributed was 50 grams or more.

## ELEMENTS OF THE OFFENSE – COUNT THREE

(1) The defendant knowingly distributed methamphetamine;

(2) The defendant intended to distribute the methamphetamine;

4

(3) The weight of the methamphetamine that defendant distributed was 50 grams or more of actual methamphetamine or 500 grams or more of a mixture containing methamphetamine.

## ELEMENTS OF THE OFFENSE – COUNT FOUR

(1) The defendant knowingly distributed methamphetamine;

(2) The defendant intended to distribute the methamphetamine;

(3) The weight of the methamphetamine that defendant distributed was 50 grams or more.

JASON R. COODY
United States Attorney

DARREN JOHNSON, ESQ.
Attorney for Defendant

DAVID P. BYRON
Florida Bar No. 0105777
Assistant U.S. Attorney
Northern District of Florida
401 SE First Ave, Suite 211
Gainesville, FL 32601
352-378-0996
David.byron@usdoj.gov

12/5/2023
Date

CELIA PEREZ MAURO
Defendant

12/5/2023
Date

12/5/2023
Date

5